UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MARGARET HUFSCHMID and**
**RICHARD M. HUFSCHMID,**

      **Plaintiffs,**

v.                                              Case No: 6:16-cv-1697-Orl-41DCI

**ALLSTATE FIRE AND CASUALTY**
**INSURANCE COMPANY,**

      **Defendant.**
_____/

## ORDER

THIS CAUSE is before the Court on Defendant's Motion to Dismiss Count II of Plaintiffs' Complaint ("Motion to Dismiss," Doc. 9). Plaintiffs filed a Response (Doc. 15). Thereafter, Defendant filed a Notice of Supplemental Authority (Doc. 30). For the reasons set forth herein, Defendant's motion will be granted, and Count II will be dismissed.

### I.    BACKGROUND

On July 30, 2014, Plaintiffs' vehicle was hit by another vehicle being operated by Edmund G. O'Neal. (Compl., Doc. 2, ¶¶ 4–5). As a result of the accident, Plaintiffs allege that they have suffered bodily injury and various other losses, resulting in damages. (*Id.* ¶ 13). At the time of the accident, Plaintiffs held an insurance policy issued by Defendant, which included uninsured motorist coverage. (*Id.* ¶¶ 6, 8–9). Plaintiffs contend that Defendant has failed to provide Plaintiffs uninsured motorist benefits in accordance with their insurance policy. (*Id.* ¶ 16).

Plaintiffs initiated this suit by filing their Complaint in the Circuit Court of the Ninth Judicial Circuit, in and for Orange, County Florida, which alleges a claim for failing to pay uninsured motorist benefits; statutory bad faith; and two claims for consortium, one brought by

each Plaintiff. (*See generally id.*). Defendant removed the case to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Notice of Removal, Doc. 1, at 1).

## II. LEGAL STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." In determining whether to dismiss under Rule 12(b)(6), a court accepts the factual allegations in the complaint as true and construes them in a light most favorable to the non-moving party. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009). Nonetheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. ANALYSIS

Count II alleges a claim for bad faith in violation of section 624.155 of the Florida Statues. Defendant argues that this claim is due to be dismissed because Count II fails to state a cause of action and because this Court lacks jurisdiction over Count II. Plaintiffs, citing a host of state court decisions, claim that Count II should be abated, not dismissed, pending the resolution of their uninsured motorist claim.

This Court agrees that the practice of holding bad faith claims in abatement pending the resolution of an underlying claim has been deemed acceptable by Florida courts. *See Allstate Indem. Co. v. Ruiz*, 899 So. 2d 1121, 1130 (Fla. 2005); *see also Lawton-Davis v. State Farm Mut. Auto. Ins. Co.*, No. 6:14-cv-1157-Orl-37GJK, 2014 WL 6674458, at *2 (M.D. Fla. Nov. 24, 2014) (stating that both abatement and dismissal without prejudice are permitted by Florida courts); *Gianassi v. State Farm Mut. Auto. Ins. Co.*, 60 F. Supp. 3d 1267, 1270 (M.D. Fla. 2014) (same). However, Plaintiffs' argument overlooks one significant difference between state and federal courts. Federal courts are courts of limited jurisdiction, so when a case is brought in diversity, the plaintiff bears the burden of establishing the Article III prerequisites to jurisdiction. *Westchester Fire Ins. Co. v. Punit Corp.*, No. 3:03cv188/MCR, 2006 WL 3755198, at *2–3 (N.D. Fla. Dec. 19, 2006); *see also Trailer Bridge, Inc. v. Ill. Nat'l Ins. Co.*, 657 F.3d 1135, 1141 (11th Cir. 2011) ("In diversity actions, the federal court must apply the substantive law of the state in which it sits, except in matters governed by the Federal Constitution or by act of Congress." (quotation omitted)). Plaintiffs must establish that their claim is ripe for adjudication.

"A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Texas v. United States*, 523 U.S. 296, 300 (1998) (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580–81 (1985)). "If a claim is not ripe, the district court lacks jurisdiction to issue a ruling on the merits and therefore must dismiss that claim without prejudice." *Serpentfoot v. Rome City Comm'n*, 322 F. App'x 801, 805 (11th Cir. 2009).

The bad faith claim is not ripe. "[A] cause of action in court for [bad faith] is premature until there is a determination of liability and extent of damages owed on the first-party insurance contract." *Vest v. Travelers Ins. Co.*, 753 So. 2d 1270, 1276 (Fla. 2000); *see also Cunningham v.*

*Standard Guar. Ins. Co.*, 630 So. 2d 179, 181 (Fla. 1994) ("Under ordinary circumstances, a third party must obtain a judgment against the insured in excess of the policy limits before prosecuting a bad-faith claim against the insured's liability carrier."). Thus, a claim for bad faith requires: (1) a determination of liability and (2) a judgment awarding damages in excess of the policy limits. Plaintiffs cannot establish either of these elements at this stage. Furthermore, it is uncertain that Plaintiffs will ever be able to establish these elements as Defendant may be found not liable or may be found liable for damages not in excess of the policy limits. Accordingly, Plaintiffs' bad faith claim is not ripe, and this Court lacks jurisdiction over it. *See Gen. Accident Ins. Co. v. Shah*, No. 6:00-CV-489-ORL28KRS, 2001 WL 273244, at *3 (M.D. Fla. Jan. 23, 2001). Count II of the Complaint will be dismissed without prejudice for want of subject matter jurisdiction.

## IV. CONCLUSION

In accordance with the foregoing, it is hereby **ORDERED** and **ADJUDGED** that Defendant's Motion to Dismiss Counts II of Plaintiffs' Complaint (Doc. 9) is **GRANTED**, and Count II is **DISMISSED without prejudice**.

**DONE** and **ORDERED** in Orlando, Florida on May 8, 2017.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record